UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSICA A. YOUNGER, <br><br> Plaintiff, <br><br> v. <br><br> PROCOLLECT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-01024 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JESSICA A. YOUNGER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PROCOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the North Carolina Debt Collection Act ("NCDCA") under N.C. Gen. Stat. § 75-50 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of events or omissions giving rise to the claims occurred within, the Northern District of Texas.

## PARTIES

4. Plaintiff is a "person," as defined by 47 U.S.C. §153(39), residing in Catawba, North Carolina.

5. Defendant boasts itself as "one of the Nation's premier debt collection agencies[.]"[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant engages in collection activities against consumers across the country.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is said to owe to the Standard at Boone Apartments.

9. After Plaintiff's purported default on the subject debt, it was charged off and turned over to Defendant for collection purposes.

10. In approximately the summer of 2020, Plaintiff was receiving calls to her cellular phone, (828) XXX-3151, from Defendant.

---

[1] https://procollect.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3151. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (214) 382-4871 and (214) 396-7497; however, upon information and belief, Defendant used other numbers as well.

13. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. Upon answering phone calls from Defendant, Plaintiff was informed that Defendant was calling in an effort to collect upon the subject debt.

15. On unanswered phone calls, Plaintiff would be left a prerecorded voicemail message directing Plaintiff to contact to Defendant.

16. At no point did Plaintiff provide Defendant consent to contact her cellular phone using artificial or prerecorded voice messages.

17. Upon speaking with Defendant, Plaintiff informed Defendant that she disputed the subject debt and would not be paying the subject debt as a result of her dispute.

18. Notwithstanding the nature of this phone call, Defendant continued placing calls and leaving prerecorded voicemail messages on Plaintiff's cellular phone.

19. Plaintiff has received dozens of phone calls since Defendant became aware that it should not continue contacting Plaintiff in the manner it did.

20. Further, during these subsequent phone calls, Defendant has repeatedly harassed Plaintiff by treating her rudely and berating her in connection with incurring the subject debt – even hanging up on Plaintiff after she made her dispute regarding the subject debt clear.

21. Defendant's harassing conduct has caused Plaintiff to suffer emotional distress.

22. Exacerbating Plaintiff's emotional distress is the fact that Defendant is reporting the subject debt on her credit report.

23. Notwithstanding the number of times Plaintiff informed that she disputed owing the subject debt, Defendant has continued to update its credit reporting without indicating that Plaintiff disputed the subject debt.

24. Defendant's conduct in failing to accurately report the nature of the subject debt has caused Plaintiff to be painted in a false light as a result of the information included in her credit report.

25. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, being harassed and abused in contravention of consumer protection statutes, and numerous violations of her state and federally protected interests to be free from harassing debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after being aware of Plaintiff's dispute and refusal to pay the subject debt. Continuing to place voluminous phone calls and leaving numerous prerecorded voicemail messages to a consumer who has stated that they dispute the debt and will not be paying is conduct that had the natural consequence of harassing Plaintiff. The fact Defendant placed such calls with the information it was provided further demonstrates its intent to harass Plaintiff. Defendant's repeated and incessant calls were not in a legitimate attempt to seek payment from a consumer, but were instead designed to harass a consumer who refused to pay and who actively disputed the debt to forego such dispute and ultimately make payment so as to avoid continuing harassment.

35. Defendant further violated § 1692d through the harassing and rude treatment it exhibited towards Plaintiff during conversations between the parties. Defendant repeatedly treated Plaintiff in a rude and demeaning manner, further hanging up on Plaintiff repeatedly when she would advise

Defendant of her disputes. Such conduct engaged in by a seasoned and professional debt collector had the natural consequence of harassing Plaintiff.

  **b. Violations of FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

38. Defendant violated §§ 1692e, e(8), and e(10) when it deceptively and misleadingly failed to mark the subject debt as disputed when reporting it to the credit reporting agencies. Despite Plaintiff's clear and repeated disputes, Defendant has continued reporting and re-reporting the subject debt absent any indication of Plaintiff's dispute.

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that it lacked consent to contact Plaintiff through the use of prerecorded messages, Defendant deceptively represented its lawful ability to do so by repeatedly placing and leaving such messages with Plaintiff.

  **c. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and leaving prerecorded messages absent consent to do so.

42. Defendant further violated § 1692f when it repeatedly and unfairly hung up on Plaintiff when Plaintiff was attempting to explain the nature of her position to Defendant.

43. Additionally, Defendant violated § 1692f when it unfairly failed to report the subject debt to the major credit reporting agencies as being disputed.

WHEREFORE, Plaintiff, JESSICA A. YOUNGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

45. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using artificial or prerecorded voice messages without their consent.

46. Defendant violated the TCPA through the placement of repeated and numerous prerecorded voicemail messages to Plaintiff's cellular phone absent her consent. Plaintiff never consented to such calls from Defendant, nor did she consent to such calls at the time she purportedly incurred the subject debt. As such, Defendant's utilization of prerecorded messages to contact Plaintiff's cellular phone is in violation of the TCPA.

47. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

48. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant knew it did not receive prior express consent from Plaintiff to place the calls at issue, yet nevertheless chose to do so, underscoring its willful violations of the TCPA.

WHEREFORE, Plaintiff, JESSICA A. YOUNGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT**

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) of the NCDCA.

51. Defendant is a "debt collector" as defined by N.C. Gen. Stat § 75-50(3) of the NCDCA.

    a. **Violations of NCDCA § 75-52**

52. The NCDCA, pursuant to N.C. Gen. Stat. § 75-52 provides that "[n]o debt collector shall use any conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt." Additionally, N.C. Gen. Stat § 75-52(3) prohibits

debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances . . . ."

53. Defendant violated §§ 75-52 *et seq.* of the NCDCA by the use of conduct with the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. By virtue of continuing to place repeated and consistent phone calls after Plaintiff disputed the subject debt and made clear she would not pay, Defendant engaged in conduct which had the natural consequence of harassing Plaintiff. Defendant similarly intended to harass Plaintiff through such conduct.

54. Defendant further violated § 75-52 when it harassingly and repeatedly hung up on Plaintiff during the parties' conversations.

### b. Violations of NCDCA § 75-54

55. The NCDCA, pursuant to N.C. Gen. Stat. § 75-54, prohibits a debt collector from using "any fraudulent, deceptive or misleading representation."

56. Defendant violated § 75-54 of the NCDCA when it deceptively reported the subject debt to the credit reporting agencies without marking the debt as disputed. Defendant engaged in such deceptive misleading debt collection efforts as part of an overarching scheme or harassment and deceit designed to compel Plaintiff's payment in connection with the subject debt.

### c. Violations of NCDCA § 75-55

57. The NCDCA, pursuant to N.C. Gen. Stat. § 75-55, prohibits debt collectors from using "any unconscionable means" to attempt to collect a debt.

58. Defendant violated § 75-55 of the NCDCA by attempting to collect on a debt by the use of unconscionable means. It was unfair for Defendant to repeatedly contact Plaintiff after she disputed the debt and informed Defendant she would not pay.

59. Defendant further violated § 75-55 of the NCDCA when it unfairly reported the subject debt to the credit reporting agencies without marking the account as disputed.

WHEREFORE, Plaintiff JESSICA A. YOUNGER, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. § 75-16.1;

e. Enjoining Defendant from further contacting Plaintiff; and,

f. Awarding any other relief as the Arbitrator deems just and appropriate.

Dated: May 6, 2021                                  Respectfully submitted,

s s/ Nathan C. Volheim                              s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                    Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Northern District of Texas          Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (331) 307-7648 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com

11